IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


**JEREMY KENNEDY**                                                                                    **PETITIONER**


V.                         No. 4:24-CV-00022 LPR/PSH


**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                                    **RESPONDENT**


### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Jeremy Kennedy ("Kennedy") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.  He alleges an unconstitutional denial of parole.  Kennedy is in ADC custody, having been convicted of residential burglary in 2009 and 2013,

breaking or entering in 2018 and 2022, theft of property in 2023, and criminal mischief in 2022. Following a September 2023 hearing, the Arkansas Parole Board ("APB") deferred consideration for two years of his parole eligibility because of his criminal history and the nature and seriousness of his crimes.

Kennedy makes two arguments in support of his petition: (1) Arkansas statutes governing his parole create a constitutionally protected liberty interest, infringed when the APB denied his request. Kennedy cites *Lenard v. Kelley*, 2017 Ark. 186, as authority for the establishment of this protected liberty interest; and (2) Arkansas statutes create a "target group" of offenders entitled to parole upon serving the designated portion of their sentences. Kennedy claims he was denied equal protection of the law when he was denied parole despite falling within the "target group."

Kennedy asks this Court to order the APB to vacate the denial of his parole.

Respondent Dexter Payne ("Payne"), noting pending state court proceedings, contends this petition should be dismissed due to Kennedy's failure to first exhaust state court remedies. Alternatively, Payne urges the petition be dismissed as meritless.

**Exhaustion of State Remedies**

After the APB's September denial of his parole, Kennedy sought relief in Izard County, the county where he is incarcerated, filing a petition and amended petition for judicial review.  Doc. Nos. 6-5, 6-7.  The Izard County Circuit Court denied relief on October 23, 2023.  Doc. No. 6-6.  Kennedy's Motion for Reconsideration was filed in late December of 2023 and was denied by the court on January 8, 2024.  Doc. Nos. 6-8, 6-9.  Kennedy filed a Notice of Appeal in Izard County on January 29, 2024.  Doc. No. 6-10.

This Court should decline to consider the claims of Kennedy because he has not yet exhausted his state court remedies.  28 U.S.C. § 2254(b) of provides that an application for writ of habeas corpus shall not be granted unless it appears that the petitioner has "exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."  Pursuant to § 2254(c), the exhaustion requirement will not be satisfied if the petitioner has the right under state law to present the question raised in a state court proceeding.  In this instance, Kennedy is now pursuing his appeal of the Izard County Circuit Court decision in state court.  Consistent with the doctrine of comity, it is appropriate for this Court to allow Kennedy to exhaust this state court remedy before addressing his petition for writ of habeas corpus.  *See, e.g., Lenza v. Wyrick*,

665 F.2d 804 (8th Cir. l98l). Thus, the Court recommends that the petition be dismissed without prejudice to allow Kennedy to exhaust his state court remedies.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, it is recommended that the certificate of appealability be denied.

IT IS SO ORDERED this 6th day of June, 2024.

_____
UNITED STATES MAGISTRATE JUDGE